IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

UNITED STATES OF AMERICA,

        Plaintiff,

    vs.                        No. CR16-2020

MARIO DESHAWN STEVENSON,       TRANSCRIPT OF
                                 SENTENCING

        Defendant.
_____/


        The Sentencing held before the Honorable Leonard T. Strand, Judge of the United States District Court for the Northern District of Iowa, at the Federal Courthouse, 111 Seventh Avenue Southeast, Cedar Rapids, Iowa, August 29, 2016, commencing at 3:04 p.m.


APPEARANCES

For the Plaintiff:      TIMOTHY VAVRICEK, ESQ.
                    Assistant United States Attorney
                    111 Seventh Avenue Southeast
                    Cedar Rapids, IA  52401

For the Defendant:      CHRISTOPHER J. NATHAN, ESQ.
                    Assistant Federal Public Defender
                    Suite 290
                    222 Third Avenue Southeast
                    Cedar Rapids, IA 52401

Also present:          Jessica Clark, U.S. Probation

Reported over the     Shelly Semmler, RMR, CRR
telephone by:         320 Sixth Street
                    Sioux City, IA  51101
                    (712) 233-3846

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*
Case 6:16-cr-02020-LTS-JSS   Document 36   Filed 09/19/16   Page 1 of 24

1          THE COURT:  Please be seated, everyone.

2          THE CLERK:  This is United States of America versus

3  Mario Deshawn Stevenson, Case Number 16CR2020.  The United

4  States Probation Office is represented by Jessica Clark.

5  Counsel, please state your appearance.

6          MR. VAVRICEK:  Tim Vavricek for the United States.

7          THE COURT:  Good afternoon.

8          MR. NATHAN:  For Mr. Stevenson who is present in

9  court, Christopher Nathan.

10          THE COURT:  Good afternoon to both of you.  And we

11  have our court reporter reporting by telephone today, so I'd

12  appreciate it if everybody just remain seated when they speak

13  and speak close to a microphone.

14          Shelly, are you able to hear us okay?

15          THE REPORTER:  I am, Judge.  Thank you.

16          THE COURT:  All right.  Thank you.

17          We are here for sentencing in this case.

18  Mr. Stevenson has pled guilty to one count in an indictment that

19  charges him with possession with intent to distribute 50 grams

20  or more of methamphetamine actual.  I have had a chance before

21  the hearing today to review the presentence investigation report

22  and the various submissions of the parties.

23          Mr. Nathan, have you had the opportunity to review the

24  presentence report with your client?

25          MR. NATHAN:  Yes, Your Honor.

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*To purchase a complete copy of the transcript.*
Case 6:16-cr-02020-LTS-JSS   Document 35   Filed 09/19/16   Page 2 of 24

1          THE COURT:  I noted that before the hearing today the

2   defendant filed various exhibits designated as A through F.

3   Mr. Vavricek, does the government have any objection to those

4   exhibits?

5          MR. VAVRICEK:  No, Your Honor.

6          THE COURT:  Okay.  Defense Exhibits A through F are

7   received.

8                        *   *   *   *

9          (Defendant Exhibits A through F were admitted.)

10                       *   *   *   *

11         THE COURT:  And I did review those before the hearing

12  today.

13         Does any party have any additional evidence to offer

14  today?  Mr. Vavricek?

15         MR. VAVRICEK:  No, Your Honor.

16         THE COURT:  Mr. Nathan?

17         MR. NATHAN:  No, Your Honor.  Thank you.

18         THE COURT:  Mr. Vavricek, is the government moving for

19  the additional one-level reduction of the offense level for

20  acceptance of responsibility under guideline 3E1.1(b)?

21         MR. VAVRICEK:  Yes, Your Honor.

22         THE COURT:  Okay.  That motion is granted.  And that

23  results in a total reduction of three levels based on

24  Mr. Stevenson's acceptance of responsibility in this matter.  I

25  do not believe there are any objections in the presentence

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 6:16-cr-02020-LTS-JSS   Document 35   Filed 09/19/16   Page 3 of 24

1    report that have to be resolved for purposes of scoring this

2    case under the United States Sentencing Guidelines.  Do you

3    agree with that, Mr. Vavricek?

4            MR. VAVRICEK:  Yes, Your Honor.

5            THE COURT:  Mr. Nathan?

6            MR. NATHAN:  Yes, Your Honor.

7            THE COURT:  United States Probation has indicated that

8    the total offense level in this matter is 34.  Mr. Stevenson's

9    criminal history category is 6, and that results in an advisory

10   sentencing guideline range of 262 to 327 months.  Do the parties

11   agree with those calculations?  Mr. Vavricek?

12           MR. VAVRICEK:  Yes, Your Honor.

13           THE COURT:  Mr. Nathan?

14           MR. NATHAN:  Yes, Your Honor.  I just wanted to

15   clarify that the defense did put into a footnote in our

16   sentencing memorandum that while Mr. Stevenson is correctly

17   scored as a career offender it did not make sense to object at

18   that time because it wasn't relevant to whether or not his range

19   is 262 to 327, that for purposes of the motion for downward

20   variance and just 3553(a) factors that it does appear that

21   paragraph 31 and 32 do not have an intervening arrest and that

22   the subtraction of 3 points from a criminal history score would

23   result in a criminal history category of 5.  Again, not relevant

24   for the guideline calculation but . . .

25           THE COURT:  Sure.  And let's talk about that more.  If

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 6:16-cr-02020-LTS-JSS   Document 36   Filed 09/19/16   Page 4 of 24

1   you -- if you feel it has some impact on the variance motion,

2   we'll certainly talk about it at that time.  But I did note that

3   footnote, but you do agree -- you've already said this, but just

4   for the record you agree that as far as at least the raw scoring

5   under the United States Sentencing Guidelines that the issue you

6   raised in the footnote has no impact; is that correct?

7           MR. NATHAN:  Correct, Your Honor.

8           THE COURT:  Okay.  Thank you.  I do find then -- I

9   adopt -- for purposes of the calculations under the United

10  States Sentencing Guidelines, I adopt United States Probation's

11  findings that the total offense level here is 34.

12  Mr. Stevenson's criminal history category is 6, and that results

13  in an advisory guideline range of 262 to 327 months.  Do the

14  parties also agree that the statutory minimum sentence here is

15  10 years and the statutory maximum sentence is life?

16  Mr. Vavricek?

17          MR. VAVRICEK:  Yes, Your Honor.

18          THE COURT:  Mr. Nathan?

19          MR. NATHAN:  Yes, Your Honor.

20          THE COURT:  All right.  Let's go ahead and talk about

21  the motion for downward variance.  It's been filed by the

22  defense, and the government has filed a response.  I have spent

23  quite a bit of time going through the arguments and conducting

24  some of my own research before the hearing today.  But,

25  Mr. Nathan, would you like to be heard on the motion?

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*
Case 6:16-cr-02020-LTS-JSS  Document 35  Filed 09/19/16  Page 5 of 24

1          MR. NATHAN:  Yes, Your Honor.

2          THE COURT:  Okay.  Please go ahead.

3          MR. NATHAN:  Thank you.  There's no violence in

4   Mr. Stevenson's criminal history.  Mr. Stevenson has no

5   convictions for assaultive conduct, both of which are to say

6   there's little reason to believe that Mr. Stevenson is a risk to

7   commit an act of violence when he is released from the instant

8   sentence.  Nor is there any violence in the instant offensive

9   conduct.

10          In fact, what stands out is that Mr. Stevenson was

11  owed drug money.  He never made any threats to collect on the

12  drug debt.  And what stands out even more is despite the wealth

13  of literature and case law that suggests that firearms are tools

14  of the drug trade, that there's no evidence that Mr. Stevenson

15  has ever possessed a firearm.  Now, Mr. Stevenson may have a

16  history of involvement with drugs, but it is equally clear that

17  he has made sure that he does not possess firearms, and he has

18  also made sure that he has never assaulted someone.

19          Now, what also struck the defense is that this is

20  Mr. Stevenson's first arrest on a new criminal offense since

21  2003.  Now, even though he was locked up for about 3 of those

22  years, the evidence suggests that after his relief -- excuse me,

23  release from prison in 2007 that he showed he is capable of a

24  lot more than dealing drugs.  He went to college.  He graduated

25  from college with a bachelor's of science and a major in

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 6:16-cr-02020-LTS-JSS   Document 35   Filed 08/19/16   Page 6 of 24

1    business administration.  He worked consistently either at

2    Target, GNC, or other jobs.  He reintegrated into the community

3    to the point that it cannot be fairly disputed that when he is

4    released from the instant sentence that he will be met with

5    support by his community.

6         And it's a small inference to make that Mr. Stevenson

7    would not have his community support if it did not believe he

8    deserved it.  And he is accompanied in court today by family and

9    friends to confirm that inference.

10        Now, Mr. Stevenson and the defense recognize that he

11   did reoffend, but again, his recidivism did not involve firearm

12   possession, and it did not involve violence.  And while he is

13   responsible for approximately a half pound of actual

14   methamphetamine, his role or level of culpability in the

15   distribution of methamphetamine in the Waterloo area is less

16   than clear.  No drugs were found in either of the vehicles that

17   were searched incident to the search warrant's execution.  There

18   were no drugs found inside of his residence.  And while about

19   $1,700 was found in one of the vehicles and on his person, there

20   was no additional U.S. currency found at the residence.

21        But perhaps most telling is that if Mr. Stevenson

22   were, in fact, a violent drug dealer from whom society required

23   protection, it's unlikely that the confidential informant would

24   have cooperated against Mr. Stevenson, especially juxtaposed

25   with Mr. Stevenson's own unwillingness to identify his source.

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 6:16-cr-02020-LTS-JSS   Document 35   Filed 09/19/16   Page 7 of 24

1    Now, all that said, he is a career offender, but he is

2  what the defense and the commission has called a

3  drug-trafficking-only career offender.  And the following is not

4  a concession, but reasonable minds could differ over whether

5  actual methamphetamine is more serious than methamphetamine

6  mixture, and reasonable minds could also differ over whether

7  Mr. Stevenson is a middleman or a wholesaler.  And, to a lesser

8  degree or lesser extent, reasonable minds could also differ as

9  to whether Mr. Stevenson's prior offenses involving

10  approximately 11 rocks of crack cocaine and approximately 8

11  grams of marijuana are minor amounts and minor offenses.

12    But in light of the commission's report and

13  recommendation that drug-trafficking-only career offenders not

14  be treated the same as violent career offenders, it's difficult

15  to see how even a sentence of 262 months is necessary.

16    The commission's recommendation to Congress is based

17  on data that supports that drug-trafficking-only career

18  offenders not be treated the same as drug-trafficking-only

19  noncareer offenders.  And defendants like Mr. Stevenson do not

20  reoffend as frequently as violent career offenders, and they

21  don't reoffend to the same extent as violent offenders.  The

22  commission's report deserves consideration.  It's not a

23  wholesale attack on the career offender guidelines.  It's

24  narrowly tailored based on its study to defendants like

25  Mr. Stevenson who don't have any violence either in their

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 6:16-cr-02020-LTS-JSS  Document 36  Filed 09/19/16  Page 8 of 24

1    background or in the instant offense.

2            Without application of the career offender guideline,

3    Mr. Stevenson's total offense level would be 29, and without

4    application of the career offender guideline, based on the lack

5    of an intervening arrest between paragraph 31 and paragraph 32,

6    his criminal history category would 5 -- would be 5. And that

7    would result in an advisory range of 140 to 175 months. And the

8    defense would ask for a sentence at the low end of that range.

9    Thank you, Your Honor.

10            THE COURT: Thank you, Mr. Nathan.

11            Mr. Vavricek, do you have a response?

12            MR. VAVRICEK: Thank you, Your Honor. The government

13    would largely rest on the brief that it has filed at docket

14    number 28.

15            Looking at this case, what I would discern, Your

16    Honor, is two separate policy reasons for a downward variance.

17    The first would be criticism of methamphetamine as related to

18    other drugs, and then the second is the attack on the career

19    offender guideline. And I think it's appropriate that

20    Mr. Nathan focused on the career offender guideline in this case

21    because there are two difficulties that seem to come to the

22    forefront with the methamphetamine -- the attack on the

23    methamphetamine guideline.

24            First of all, that guideline's not driving this

25    sentence. What's driving this sentence is the career offender

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 6:16-cr-02020-LTS-JSS  Document 35  Filed 08/19/16  Page 9 of 24

1  guideline.

2       And the second is that with a drug such as

3  methamphetamine, I think Your Honor can draw upon Your Honor's

4  experience in life that in Iowa methamphetamine is not the type

5  of drug that necessarily is adequately captured by the times

6  people go to an emergency room.  Rather, the scourge is a

7  long-term addiction that results in great pain and suffering

8  both to the person and to their family members.

9       With respect to the career offender policy argument, a

10  number of the defendant's points are well taken on the facts of

11  this case.  There is little to no history of violence.  The

12  prior predicates are all controlled substance offenses based on

13  lower levels of drug dealing.  Yet what it does demonstrate is

14  that this defendant has engaged in the same conduct over and

15  over again.

16       So when the defendant says that statistically folks

17  who have controlled-substance-only career offender type offenses

18  are less likely to recidivate, what we have before us is this

19  particular defendant who has devoted his entire life to crime,

20  basically the same type of crime:  Drug dealing.  And one can

21  argue that it has only escalated as he has gotten older because

22  here we have much larger quantities in the instant offense.

23       I would like to note an error in the government's

24  brief for Your Honor.  On page 4 there is a assertion or an

25  assumption that the defendant had spent up to ten years in state

Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov
to purchase a complete copy of the transcript.

Case 6:16-cr-02020-LTS-JSS   Document 35   Filed 09/14/16   Page 10 of 24

prison following his 2004 conviction.  Mr. Nathan brought to my

attention today and we agree that it was -- as Mr. Nathan said,

it was more on the order of three years.  It appears he spent

time in prison from March of 2004 to April of 2007 and then

again on the revocation from November of 2012 to April of 2013.

THE COURT:  Thank you, both of you, for clearing that

up.  By the way, I found that to be kind of confusing, and it

seemed to be a gap in the criminal history as to while the

sentences were all in there the amount of time that

Mr. Stevenson actually served was a little unclear to me, so I

appreciate the two of you each clearing that up.

But go ahead, Mr. Vavricek.

MR. VAVRICEK:  All that said, I think, you know, over

the last 10 years, the rate at which the defendant was

committing offenses has gone down, yet we have a defendant who's

40 years old.  And again, the conduct has escalated.  And he

has -- here he is in the instant offense driving a Mercedes

around the streets of Waterloo and a Lincoln with large

quantities of meth which is certainly a concern not only to the

government but to the people who live in that community.

So with all that said, Your Honor, the government

requests a sentence at the low end of the advisory guideline

range of 262 month -- 262 months.

The government would add that given this defendant's

poor performance on probation and parole in the past that a term

Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov
to purchase a complete copy of the transcript.

Case 6:16-cr-02020-LTS-JSS   Document 35   Filed 09/19/16   Page 11 of 24

1    of supervised release would also be appropriate in the

2    government's view.  Thank you.

3              THE COURT:  Okay.  Thank you.

4              Mr. Nathan, any response?

5              MR. NATHAN:  No, Your Honor.  Thank you.

6              THE COURT:  Before I find out if Mr. Stevenson has

7    anything to say today, are there other issues that we need to

8    address other than the length of Mr. Stevenson's sentence?

9    Mr. Vavricek, are you aware of any?

10             MR. VAVRICEK:  No, other than the government would

11   agree that the -- if the career -- if the career offender

12   guideline did not apply to the extent the Court finds it's

13   relevant, Mr. Nathan is correct that the guidelines range would

14   be 140 to 175 based on total offense level 29, category 5 due to

15   the intervening arrest issue that he correctly identified.

16             THE COURT:  Okay.  Thank you.

17             Mr. Nathan, are you aware of any other issues we

18   should be talking about?

19             MR. NATHAN:  No, Your Honor.

20             THE COURT:  Okay.  Thank you.

21             Mr. Stevenson, you have the right to speak at your

22   sentencing hearing and to tell me anything you would like me to

23   know and to consider as I decide what your sentence should be.

24   But you also have the right under our Constitution to remain

25   silent.  And if you decide to remain silent, I would not hold

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 6:16-cr-02020-LTS-JSS   Document 35   Filed 09/14/16   Page 12 of 24

 1   that against you at all.  But having said that, sir, is there

 2   anything you'd like to say?

 3            THE DEFENDANT:  Yes.  Just --

 4            THE COURT:  Is your microphone on?  I want to make

 5   sure our court reporter can -- can you pull yours over?  Thank

 6   you, Mr. Nathan.

 7            THE DEFENDANT:  I just want to say I know it was

 8   wrongdoing.  There are consequences, and I accept responsibility

 9   for the consequences that I have set before me today.  However,

10   it is not a direct indication of my character or the type of

11   person that I am.  I have a great support system, and I ask the

12   Court just to have mercy on me when rendering a sentence because

13   I can and will be a productive member of society.

14            THE COURT:  Okay.  Thank you, sir.

15            Anything further from the attorneys?  Mr. Vavricek?

16            MR. VAVRICEK:  No, Your Honor.

17            THE COURT:  Mr. Nathan?

18            MR. NATHAN:  No, Your Honor.  Thank you.

19            THE COURT:  For the record, as I indicated earlier, I

20   do adopt the findings of United States Probation concerning the

21   United States Sentencing Guidelines.  The total offense level in

22   this case is 34; criminal history category for Mr. Stevenson is

23   6.  The parties agree that that results in an advisory guideline

24   sentencing range of 262 to 327 months.

25            As I indicated at the beginning, I have spent a lot of

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 6:16-cr-02020-LTS-JSS   Document 35   Filed 09/19/16   Page 13 of 24

1   time considering this case both before the hearing today and

2   obviously as I've listened to the attorneys and listened to

3   Mr. Stevenson.  This is a very -- in my mind a very unique and

4   unusual situation.  Mr. Stevenson has done a lot of good things,

5   and the letters of support that are included I believe as part

6   of Defense Exhibit C, very heartfelt and have been very helpful

7   to me as I consider this case.  It almost to me seems like

8   they're talking about a different person because the letters --

9   everybody who wrote a letter for the -- at least -- maybe I

10  shouldn't say everybody, but for the most part the letters

11  indicate shock and surprise that Mr. Stevenson finds himself in

12  this situation, talk about all the good things he's done.  And

13  certainly as Mr. Nathan indicated, he has done a lot of good

14  things since being released from prison including getting a

15  college degree, a lot of other positive things in the community.

16          So that all is on the good side.  And like pretty much

17  everybody else, no one is all good or all bad, and there's

18  definitely a lot of good in Mr. Stevenson.

19          There's also a lot of bad.  He does have a history of

20  felony drug dealing.  And you would hope that most people would

21  learn from that, and we hear statistics at sentencings all the

22  time about as people get older they're less likely to commit

23  crimes and more likely to start a better path than continuing

24  the crimes that got them in trouble to begin with.

25          And after some period of time of not committing

Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov
to purchase a complete copy of the transcript.

Case 6:16-cr-02020-LTS-JSS   Document 35   Filed 09/19/16   Page 14 of 24

 1  crimes, all of a sudden Mr. Stevenson not only started selling

 2  drugs again, but, as Mr. Vavricek points out, it appears to be

 3  at an escalated level given the relatively low amounts at issue

 4  in his prior convictions.  Now all of a sudden he's caught --

 5  he's talking about a half pound of meth at a time, and the

 6  quantities are certainly of a different category than his prior

 7  convictions.

 8          So in a lot of ways it's almost like we have two

 9  separate people in the courtroom today, and yet there really is

10  only one defendant, and it's Mr. Stevenson.

11          All of that is a long-winded way of saying that I am

12  going to grant the motion for downward variance.  I do think

13  under the circumstances a sentence of -- in the guideline range

14  of 267 months -- or 262 months or higher is far greater than

15  necessary to accomplish all of the relevant sentencing purposes.

16          I find -- while I find the career offender enhancement

17  was properly applied here, I find that it does under the facts

18  presented here result in a sentence that would be too harsh

19  primarily for the reasons Mr. Nathan indicated and a lot of the

20  reasons that I've already mentioned.

21          But this is not a situation involving firearms or

22  violence.  The prior convictions were all relatively low-level

23  drug-dealing convictions.  While they were felonies, they are at

24  the low end involving no violence, no firearms, no aggravating

25  circumstances so far as I can tell.

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 6:16-cr-02020-LTS-JSS   Document 35   Filed 09/18/16   Page 15 of 24

1    So while probation correctly scored this as a career

2  offender case, I find that applying the career offender

3  enhancement under the facts present here would be too harsh.

4    That leaves me to try to decide what is the

5  appropriate sentence for Mr. Stevenson in this case.  While 262

6  months is too harsh, there is some number that's still quite

7  significant that's going to have to be imposed here to be

8  sufficient to accomplish all sentencing purposes.

9    After a lot of consideration and review, I've decided

10  that 180 months is the appropriate sentence for Mr. Stevenson in

11  this case.  It is a significant reduction from the guideline

12  range.  It also still reflects 15 years of imprisonment.  I

13  find -- given the fact that he has had three prior drug

14  distribution felonies and nonetheless went back to distributing

15  drugs, I find that a very significant sentence is appropriate.

16  So I find that 180 months after considering all of the relevant

17  sentencing factors is sufficient but not greater than necessary

18  to accomplish all sentencing purposes.

19    In reducing the sentence by a significant amount, I am

20  taking into account the nature of the offense which includes the

21  lack of any violence or firearms, the relatively short time

22  period at issue with regard to the offense.  I'm also putting a

23  lot of weight into the additional characteristics as reflected

24  especially by the letters of support that were sent on

25  Mr. Stevenson's behalf, his community ties, his good works in

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 6:16-cr-02020-LTS-JSS   Document 35   Filed 09/19/16   Page 16 of 24

 1   the community.  He's expressed remorse here.  I find that all of

 2   those are factors that justify a downward variance.

 3           So while I'm not varying quite to the extent requested

 4   by the defense, I do find that a significant variance is

 5   appropriate.  And as indicated, I've determined that 180 months

 6   is the appropriate sentence in this case.

 7           As such, Mr. Stevenson, it is the judgment of this

 8   Court that you are committed to the custody of the Bureau of

 9   Prisons for a total term of 180 months.

10           Mr. Nathan, do you have any recommendations you'd like

11   me to make to the Bureau of Prisons?

12           MR. NATHAN:  Just that he be placed within 500 miles

13   of the Waterloo address listed in the PSR, Your Honor.

14           THE COURT:  Okay.  I will make that recommendation

15   then that Mr. Stevenson be placed at a facility that's

16   commensurate with his security and custody classification needs

17   within 500 miles of Waterloo, Iowa.

18           Upon release from imprisonment, Mr. Stevenson will be

19   on supervised release for a total term of five years.  Within 72

20   hours after you're released by the Bureau of Prisons, sir, you

21   have to report in person to the probation office in the district

22   to which you are released.

23           When you're on supervised release, you cannot commit

24   another federal, state, or local crime.  You must comply with

25   all the general and standard conditions of supervision that will

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 6:16-cr-02020-LTS-JSS   Document 35   Filed 09/19/16   Page 17 of 24

1   be set out in the Court's judgment order.  You'll also have to

2   comply with the special conditions of supervision that were

3   described in the presentence report.  Those will also be

4   included in the judgment order.

5           I find you do not have the ability to pay a fine.  You

6   will have to pay a special assessment of a hundred dollars to

7   the United States.  That's due immediately.  You are remanded to

8   the custody of the United States marshal.

9           You do have the right to appeal the sentence I've

10  imposed here today.  Your appeal would go to the United States

11  Court of Appeals for the Eighth Circuit which is based in

12  St. Louis.  If you'd like to file an appeal, you have to file a

13  written notice within 14 days of the date I file the judgment

14  order in this case.  If you appeal and you can't afford an

15  attorney, then one would be appointed to represent you.

16          There are no counts to be dismissed here.

17          Anything further, Mr. Vavricek?

18          MR. VAVRICEK:  No, Your Honor.  Thank you.

19          THE COURT:  Mr. Nathan, anything further?

20          MR. NATHAN:  No, Your Honor.  Thank you.

21          THE COURT:  All right.  We'll be in recess.  Thanks,

22  everyone.

23          (The foregoing sentencing was

24          concluded at 3:28 p.m.)

25

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*
Case 6:16-cr-02020-LTS-JSS   Document 35   Filed 09/19/16   Page 19 of 24

```
 1                         CERTIFICATE

 2          I certify that the foregoing is a correct transcript

 3   to the best of my ability over the telephone from the record of

 4   proceedings in the above-entitled matter.

 5

 6

 7          s/ Shelly Semmler                    9-14-16
          Shelly Semmler, RMR, CRR                Date
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 6:16-cr-02020-LTS-JSS   Document 35   Filed 09/19/16   Page 19 of 24

**$**

**$1,700** [1] - 7:19

**1**

**10** [2] - 5:15, 11:14
**11** [1] - 8:10
**111** [2] - 1:9, 1:14
**14** [1] - 18:13
**140** [2] - 9:7, 12:14
**15** [1] - 16:12
**16CR2020** [1] - 2:3
**175** [2] - 9:7, 12:14
**180** [4] - 16:10, 16:16, 17:5, 17:9

**2**

**2003** [1] - 6:21
**2004** [2] - 11:1, 11:4
**2007** [2] - 6:23, 11:4
**2012** [1] - 11:5
**2013** [1] - 11:5
**2016** [1] - 1:10
**222** [1] - 1:17
**233-3846** [1] - 1:21
**262** [9] - 4:10, 4:19, 5:13, 8:15, 11:23, 13:24, 15:14, 16:5
**267** [1] - 15:14
**28** [1] - 9:14
**29** [3] - 1:10, 9:3, 12:14
**290** [1] - 1:16

**3**

**3** [2] - 4:22, 6:21
**31** [2] - 4:21, 9:5
**32** [2] - 4:21, 9:5
**320** [1] - 1:20
**327** [4] - 4:10, 4:19, 5:13, 13:24
**34** [3] - 4:8, 5:11, 13:22
**3553(a** [1] - 4:20
**3:04** [1] - 1:10
**3:28** [1] - 18:24
**3E1.1(b** [1] - 3:20

**4**

**4** [1] - 10:24
**40** [1] - 11:16

**5**

**5** [4] - 4:23, 9:6, 12:14
**50** [1] - 2:19
**500** [2] - 17:12, 17:17
**51101** [1] - 1:20
**52401** [1] - 1:14, 1:17

**6**

**6** [3] - 4:9, 5:12, 13:23

**7**

**712** [1] - 1:21
**72** [1] - 17:19

**8**

**8** [1] - 8:10

**9**

**9-14-16** [1] - 19:7

**A**

**ability** [2] - 18:5, 19:3
**able** [1] - 2:14
**above-entitled** [1] - 19:4
**accept** [1] - 13:8
**acceptance** [2] - 3:20, 3:24
**accompanied** [1] - 7:8
**accomplish** [3] - 15:15, 16:8, 16:18
**account** [1] - 16:20
**act** [1] - 6:7
**actual** [2] - 2:20, 7:13, 8:5
**add** [1] - 11:24
**addiction** [1] - 10:7
**additional** [4] - 3:13, 3:19, 7:20, 16:23
**address** [2] - 12:8, 17:13
**adequately** [1] - 10:5
**administration** [1] - 7:1
**admitted** [1] - 3:9
**adopt** [3] - 5:9, 5:10,
13:20
**advisory** [5] - 4:9, 5:13, 9:7, 11:22, 13:23
**afford** [1] - 18:14
**afternoon** [2] - 2:7, 2:10
**aggravating** [1] - 15:24
**agree** [8] - 4:3, 4:11, 5:3, 5:4, 5:14, 11:2, 12:11, 13:23
**ahead** [3] - 5:20, 6:2, 11:12
**almost** [2] - 14:7, 15:8
**America** [1] - 2:2
**AMERICA** [1] - 1:2
**amount** [2] - 11:9, 16:19
**amounts** [2] - 8:11, 15:3
**appeal** [4] - 18:9, 18:10, 18:12, 18:14
**Appeals** [1] - 18:11
**appear** [1] - 4:20
**appearance** [1] - 2:5
**APPEARANCES** [1] - 1:12
**application** [2] - 9:2, 9:4
**applied** [1] - 15:17
**apply** [1] - 12:12
**applying** [1] - 16:2
**appointed** [1] - 18:15
**appreciate** [2] - 2:12, 11:11
**appropriate** [7] - 9:19, 12:1, 16:5, 16:10, 16:15, 17:5, 17:6
**April** [2] - 11:4, 11:5
**area** [1] - 7:15
**argue** [1] - 10:21
**argument** [1] - 10:9
**arguments** [1] - 5:23
**arrest** [4] - 4:21, 6:20, 9:5, 12:15
**assaulted** [1] - 6:18
**assaultive** [1] - 6:5
**assertion** [1] - 10:24
**assessment** [1] - 18:6
**Assistant** [2] - 1:13, 1:16
**assumption** [1] - 10:25
**attack** [3] - 8:23, 9:18, 9:22
**attention** [1] - 11:2
**Attorney** [1] - 1:13
**attorney** [1] - 18:15
**attorneys** [2] - 13:15, 14:2
**August** [1] - 1:10
**Avenue** [3] - 1:10, 1:14, 1:17
**aware** [2] - 12:9, 12:17

**B**

**bachelor's** [1] - 6:25
**background** [1] - 9:1
**bad** [2] - 14:17, 14:19
**based** [7] - 3:23, 8:16, 8:24, 9:4, 10:12, 12:14, 18:11
**begin** [1] - 14:24
**beginning** [1] - 13:25
**behalf** [1] - 16:25
**best** [1] - 19:3
**better** [1] - 14:23
**between** [1] - 9:5
**bit** [1] - 5:23
**brief** [2] - 9:13, 10:24
**brought** [1] - 11:1
**Bureau** [3] - 17:8, 17:11, 17:20
**business** [1] - 7:1

**C**

**calculation** [1] - 4:24
**calculations** [2] - 4:11, 5:9
**cannot** [2] - 7:3, 17:23
**capable** [1] - 6:23
**captured** [1] - 10:5
**career** [20] - 4:17, 8:1, 8:3, 8:13, 8:14, 8:17, 8:20, 8:23, 9:2, 9:4, 9:18, 9:20, 9:25, 10:9, 10:17, 12:11, 15:16, 16:1, 16:2
**Case** [1] - 2:3
**case** [14] - 2:17, 4:2, 6:13, 9:15, 9:20, 10:11, 13:22, 14:1, 14:7, 16:2, 16:5, 16:11, 17:6, 18:14
**category** [7] - 4:9, 4:23, 5:12, 9:6, 12:14, 13:22, 15:6
**caught** [1] - 15:4
**Cedar** [3] - 1:10,
1:14, 1:17
**certainly** [4] - 5:2, 11:19, 14:13, 15:6
**CERTIFICATE** [1] - 19:1
**certify** [1] - 19:2
**chance** [1] - 2:20
**character** [1] - 13:10
**characteristics** [1] - 16:23
**charges** [1] - 2:19
**CHRISTOPHER** [1] - 1:15
**Christopher** [1] - 2:9
**Circuit** [1] - 18:11
**circumstances** [2] - 15:13, 15:25
**City** [1] - 1:20
**clarify** [1] - 4:15
**Clark** [2] - 1:18, 2:4
**classification** [1] - 17:16
**clear** [2] - 6:16, 7:16
**clearing** [2] - 11:6, 11:11
**CLERK** [1] - 2:2
**client** [1] - 2:24
**close** [1] - 2:13
**cocaine** [1] - 8:10
**collect** [1] - 6:11
**college** [3] - 6:24, 6:25, 14:15
**commencing** [1] - 1:10
**commensurate** [1] - 17:16
**commission** [1] - 8:2
**commission's** [3] - 8:12, 8:16, 8:22
**commit** [3] - 6:7, 14:22, 17:23
**committed** [1] - 17:8
**committing** [2] - 11:15, 14:25
**community** [7] - 7:2, 7:5, 7:7, 11:20, 14:15, 16:25, 17:1
**comply** [2] - 17:24, 18:2
**concern** [1] - 11:19
**concerning** [1] - 13:20
**concession** [1] - 8:4
**concluded** [1] - 18:24
**conditions** [2] - 17:25, 18:2
**conduct** [4] - 6:5, 6:9, 10:14, 11:16
**conducting** [1] -

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*
Case 6:16-cr-02020-LTS-JSS   Document 35   Filed 09/19/16   Page 20 of 24

5:23
**confidential** [1] - 7:23
**confirm** [1] - 7:9
**confusing** [1] - 11:7
**Congress** [1] - 8:16
**consequences** [2] - 13:8, 13:9
**consider** [2] - 12:23, 14:7
**consideration** [2] - 8:22, 16:9
**considering** [2] - 14:1, 16:16
**consistently** [1] - 7:1
**Constitution** [1] - 12:24
**continuing** [1] - 14:23
**controlled** [2] - 10:12, 10:17
**controlled-substance-only** [1] - 10:17
**conviction** [1] - 11:1
**convictions** [5] - 6:5, 15:4, 15:7, 15:22, 15:23
**cooperated** [1] - 7:24
**correct** [4] - 5:6, 5:7, 12:13, 19:2
**correctly** [3] - 4:16, 12:15, 16:1
**counsel** [1] - 2:5
**count** [1] - 2:18
**counts** [1] - 18:16
**COURT** [32] - 1:1, 2:1, 2:7, 2:10, 2:16, 3:1, 3:6, 3:11, 3:16, 3:18, 3:22, 4:5, 4:7, 4:13, 4:25, 5:8, 5:18, 5:20, 6:2, 9:10, 11:6, 12:3, 12:6, 12:16, 12:20, 13:4, 13:14, 13:17, 13:19, 17:14, 18:19, 18:21
**court** [4] - 2:9, 2:11, 7:8, 13:5
**Court** [5] - 1:9, 12:12, 13:12, 17:8, 18:11
**Court's** [1] - 18:1
**Courthouse** [1] - 1:9
**courtroom** [1] - 15:9
**CR16-2020** [1] - 1:4
**crack** [1] - 8:10
**crime** [3] - 10:19, 10:20, 17:24
**crimes** [3] - 14:23,

**criminal** [9] - 4:9, 4:22, 4:23, 5:12, 6:4, 6:20, 9:6, 11:8, 13:22
**criticism** [1] - 9:17
**CRR** [2] - 1:19, 19:7
**culpability** [1] - 7:14
**currency** [1] - 7:20
**custody** [3] - 17:8, 17:16, 18:8

**D**

**data** [1] - 8:17
**date** [1] - 18:13
**Date** [1] - 19:7
**days** [1] - 18:13
**dealer** [1] - 7:22
**dealing** [5] - 6:24, 10:13, 10:20, 14:20, 15:23
**debt** [1] - 6:12
**decide** [3] - 12:23, 12:25, 16:4
**decided** [1] - 16:9
**Defendant** [3] - 1:6, 1:15, 3:9
**DEFENDANT** [2] - 13:3, 13:7
**defendant** [8] - 3:2, 10:14, 10:16, 10:19, 10:25, 11:14, 11:15, 15:10
**defendant's** [2] - 10:10, 11:24
**defendants** [2] - 8:19, 8:24
**Defender** [1] - 1:16
**Defense** [1] - 14:6
**defense** [8] - 3:6, 4:15, 5:22, 6:19, 7:10, 8:2, 9:8, 17:4
**definitely** [1] - 14:18
**degree** [2] - 8:8, 14:15
**demonstrate** [1] - 10:13
**described** [1] - 18:3
**deserved** [1] - 7:8
**deserves** [1] - 8:22
**DESHAWN** [1] - 1:5
**Deshawn** [1] - 2:3
**designated** [1] - 3:2
**despite** [1] - 6:12
**determined** [1] - 17:5
**devoted** [1] - 10:19
**differ** [3] - 8:4, 8:6, 8:8

**different** [2] - 14:8, 15:6
**difficult** [1] - 8:14
**difficulties** [1] - 9:21
**direct** [1] - 13:10
**discern** [1] - 9:15
**dismissed** [1] - 18:16
**disputed** [1] - 7:3
**distribute** [1] - 2:19
**distributing** [1] - 16:14
**distribution** [2] - 7:15, 16:14
**DISTRICT** [2] - 1:1, 1:1
**district** [1] - 17:21
**District** [1] - 1:9, 1:9
**docket** [1] - 9:13
**dollars** [1] - 18:6
**done** [3] - 14:4, 14:12, 14:13
**down** [1] - 11:15
**downward** [5] - 4:19, 5:21, 9:16, 15:12, 17:2
**draw** [1] - 10:3
**driving** [3] - 9:24, 9:25, 11:17
**drug** [15] - 6:11, 6:12, 6:14, 7:22, 8:3, 8:13, 8:17, 8:18, 10:2, 10:5, 10:13, 10:20, 14:20, 15:23, 16:13
**drug-dealing** [1] - 15:23
**drug-trafficking-only** [4] - 8:3, 8:13, 8:17, 8:18
**drugs** [7] - 6:16, 6:24, 7:16, 7:18, 9:18, 15:2, 16:15
**due** [2] - 12:14, 18:7

**E**

**Eighth** [1] - 18:11
**either** [3] - 7:1, 7:16, 8:25
**emergency** [1] - 10:6
**end** [3] - 9:8, 11:22, 15:24
**engaged** [1] - 10:14
**enhancement** [2] - 15:16, 16:3
**entire** [1] - 10:19
**entitled** [1] - 19:4
**equally** [1] - 6:16
**error** [1] - 10:23

**escalated** [3] - 10:21, 11:16, 15:3
**especially** [2] - 7:24, 16:24
**ESQ** [2] - 1:13, 1:15
**evidence** [3] - 3:13, 6:14, 6:22
**excuse** [1] - 6:22
**execution** [1] - 7:17
**Exhibit** [1] - 14:6
**exhibits** [2] - 3:2, 3:4
**Exhibits** [2] - 3:6, 3:9
**experience** [1] - 10:4
**expressed** [1] - 17:1
**extent** [4] - 8:8, 8:21, 12:12, 17:3

**F**

**facility** [1] - 17:15
**fact** [3] - 6:10, 7:22, 16:13
**factors** [3] - 4:20, 16:17, 17:2
**facts** [3] - 10:10, 15:17, 16:3
**fairly** [1] - 7:3
**family** [2] - 7:8, 10:8
**far** [3] - 5:4, 15:14, 15:25
**federal** [1] - 17:24
**Federal** [2] - 1:9, 1:16
**felonies** [2] - 15:23, 16:14
**felony** [1] - 14:20
**file** [3] - 18:12, 18:13
**filed** [4] - 3:2, 5:21, 5:22, 9:13
**findings** [2] - 5:11, 13:20
**fine** [1] - 18:5
**firearm** [2] - 6:15, 7:11
**firearms** [5] - 6:13, 6:17, 15:21, 15:24, 16:21
**first** [3] - 6:20, 9:17, 9:24
**five** [1] - 17:19
**focused** [1] - 9:20
**folks** [1] - 10:16
**following** [2] - 8:3, 11:1
**footnote** [3] - 4:15, 5:3, 5:6
**FOR** [1] - 1:1
**forefront** [1] - 9:22
**foregoing** [2] -

18:23, 19:2
**frequently** [1] - 8:20
**friends** [1] - 7:9

**G**

**gap** [1] - 11:8
**general** [1] - 17:25
**given** [3] - 11:24, 15:3, 16:13
**GNC** [1] - 7:2
**government** [8] - 3:3, 3:18, 5:22, 9:12, 11:20, 11:21, 11:24, 12:10
**government's** [2] - 10:23, 12:2
**graduated** [1] - 6:24
**grams** [2] - 2:19, 8:11
**grant** [1] - 15:12
**granted** [1] - 3:22
**great** [2] - 10:7, 13:11
**greater** [2] - 15:14, 16:17
**guideline** [3] - 3:20, 4:10, 4:24, 5:13, 9:2, 9:4, 9:19, 9:20, 9:23, 10:1, 11:22, 12:12, 13:23, 15:13, 16:11
**guideline's** [1] - 9:24
**Guidelines** [4] - 4:2, 5:5, 5:10, 13:21
**guidelines** [2] - 8:23, 12:13
**guilty** [1] - 2:18

**H**

**half** [2] - 7:13, 15:5
**harsh** [3] - 15:18, 16:3, 16:6
**hear** [2] - 2:14, 14:21
**heard** [1] - 5:25
**hearing** [6] - 2:21, 3:1, 3:11, 5:24, 12:22, 14:1
**heartfelt** [1] - 14:6
**held** [1] - 1:8
**helpful** [1] - 14:6
**higher** [1] - 15:14
**himself** [1] - 14:11
**history** [11] - 4:9, 4:22, 4:23, 5:12, 6:4, 6:16, 9:6, 10:11, 11:8, 13:22, 14:19
**hold** [1] - 12:25

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*
Case 6:16-cr-02020-LTS-JSS   Document 35   Filed 09/19/16   Page 21 of 24

**Honor** [26] - 2:25, 3:5, 3:15, 3:17, 3:21, 4:4, 4:6, 4:12, 4:14, 5:7, 5:17, 5:19, 6:1, 9:9, 9:12, 9:16, 10:3, 10:24, 11:21, 12:5, 12:19, 13:16, 13:18, 17:13, 18:18, 18:20
**Honor's** [1] - 10:3
**Honorable** [1] - 1:8
**hope** [1] - 14:20
**hours** [1] - 17:20
**hundred** [1] - 18:6

**I**

**IA** [3] - 1:14, 1:17, 1:20
**identified** [1] - 12:15
**identify** [1] - 7:25
**immediately** [1] - 18:7
**impact** [2] - 5:1, 5:6
**imposed** [2] - 16:7, 18:10
**imprisonment** [2] - 16:12, 17:18
**IN** [1] - 1:1
**incident** [1] - 7:17
**included** [2] - 14:5, 18:4
**includes** [1] - 16:20
**including** [1] - 14:14
**indicate** [1] - 14:11
**indicated** [6] - 4:7, 13:19, 13:25, 14:13, 15:19, 17:5
**indication** [1] - 13:10
**indictment** [1] - 2:18
**inference** [2] - 7:6, 7:9
**informant** [1] - 7:23
**inside** [1] - 7:18
**instant** [6] - 6:7, 6:8, 7:4, 9:1, 10:22, 11:17
**intent** [1] - 2:19
**intervening** [3] - 4:21, 9:5, 12:15
**investigation** [1] - 2:21
**involve** [2] - 7:11, 7:12
**involvement** [1] - 6:16
**involving** [3] - 8:9, 15:21, 15:24
**IOWA** [1] - 1:1
**Iowa** [4] - 1:9, 1:10, 10:4, 17:17

**issue** [4] - 5:5, 12:15, 15:3, 16:22
**issues** [2] - 12:7, 12:17

**J**

**Jessica** [2] - 1:18, 2:4
**jobs** [1] - 7:2
**Judge** [2] - 1:9, 2:15
**judgment** [4] - 17:7, 18:1, 18:4, 18:13
**justify** [1] - 17:2
**juxtaposed** [1] - 7:24

**K**

**kind** [1] - 11:7

**L**

**lack** [2] - 9:4, 16:21
**large** [1] - 11:18
**largely** [1] - 9:13
**larger** [1] - 10:22
**last** [1] - 11:14
**law** [1] - 6:13
**learn** [1] - 14:21
**least** [2] - 5:4, 14:9
**leaves** [1] - 16:4
**length** [1] - 12:8
**Leonard** [1] - 1:8
**less** [3] - 7:15, 10:18, 14:22
**lesser** [2] - 8:7, 8:8
**letter** [1] - 14:9
**letters** [4] - 14:5, 14:8, 14:10, 16:24
**level** [10] - 3:19, 4:8, 5:11, 7:14, 9:3, 12:14, 13:21, 15:3, 15:22
**levels** [2] - 3:23, 10:13
**life** [3] - 5:15, 10:4, 10:19
**light** [1] - 8:12
**likely** [3] - 10:18, 14:22, 14:23
**Lincoln** [1] - 11:18
**listed** [1] - 17:13
**listened** [1] - 14:2
**literature** [1] - 6:13
**live** [1] - 11:20
**local** [1] - 17:24
**locked** [1] - 6:21
**long-term** [1] - 10:7
**long-winded** [1] -

15:11
**looking** [1] - 9:15
**Louis** [1] - 18:12
**low** [5] - 9:8, 11:22, 15:3, 15:22, 15:24
**low-level** [1] - 15:22
**lower** [1] - 10:13

**M**

**major** [1] - 6:25
**March** [1] - 11:4
**marijuana** [1] - 8:11
**Mario** [1] - 2:3
**MARIO** [1] - 1:5
**marshal** [1] - 18:8
**matter** [3] - 3:24, 4:8, 19:4
**maximum** [1] - 5:15
**member** [1] - 13:13
**members** [1] - 10:8
**memorandum** [1] - 4:16
**mentioned** [1] - 15:20
**Mercedes** [1] - 11:17
**mercy** [1] - 13:12
**met** [1] - 7:4
**meth** [2] - 11:19, 15:5
**methamphetamine** [10] - 2:20, 7:14, 7:15, 8:5, 9:17, 9:22, 9:23, 10:3, 10:4
**microphone** [2] - 2:13, 13:4
**middleman** [1] - 8:7
**miles** [2] - 17:12, 17:17
**mind** [1] - 14:3
**minds** [3] - 8:4, 8:6, 8:8
**minimum** [1] - 5:14
**minor** [2] - 8:11
**mixture** [1] - 8:6
**money** [1] - 6:11
**month** [1] - 11:23
**months** [13] - 4:10, 5:13, 8:15, 9:7, 11:23, 13:24, 15:14, 16:6, 16:10, 16:16, 17:5, 17:9
**most** [3] - 7:21, 14:10, 14:20
**motion** [6] - 3:22, 4:19, 5:1, 5:21, 5:25, 15:12
**moving** [1] - 3:18
**MR** [26] - 2:6, 2:8,

2:25, 3:5, 3:15, 3:17, 3:21, 4:4, 4:6, 4:12, 4:14, 5:7, 5:17, 5:19, 6:1, 6:3, 9:12, 11:13, 12:5, 12:10, 12:19, 13:16, 13:18, 17:12, 18:18, 18:20
**must** [1] - 17:24

**N**

**narrowly** [1] - 8:24
**NATHAN** [15] - 1:15, 2:8, 2:25, 3:17, 4:6, 4:14, 5:7, 5:19, 6:1, 6:3, 12:5, 12:19, 13:18, 17:12, 18:20
**Nathan** [20] - 2:9, 2:23, 3:16, 4:5, 4:13, 5:18, 5:25, 9:10, 9:20, 11:1, 11:2, 12:4, 12:13, 12:17, 13:6, 13:17, 14:13, 15:19, 17:10, 18:19
**nature** [1] - 16:20
**necessarily** [1] - 10:5
**necessary** [3] - 8:15, 15:15, 16:17
**need** [1] - 12:7
**needs** [1] - 17:16
**never** [2] - 6:11, 6:18
**new** [1] - 6:20
**noncareer** [1] - 8:19
**nonetheless** [1] - 16:14
**NORTHERN** [1] - 1:1
**Northern** [1] - 1:9
**note** [2] - 5:2, 10:23
**noted** [1] - 3:1
**notice** [1] - 18:13
**November** [1] - 11:5
**number** [3] - 9:14, 10:10, 16:6
**Number** [1] - 2:3

**O**

**object** [1] - 4:17
**objection** [1] - 3:3
**objections** [1] - 3:25
**obviously** [1] - 14:2
**OF** [3] - 1:1, 1:2, 1:5
**offender** [15] - 4:17, 8:1, 8:3, 8:23, 9:2, 9:4, 9:19, 9:20, 9:25, 10:9, 10:17, 12:11, 15:16, 16:2
**offenders** [6] - 8:13,

8:14, 8:18, 8:19, 8:20, 8:21
**offense** [12] - 3:19, 4:8, 5:11, 6:20, 9:1, 9:3, 10:22, 11:17, 12:14, 13:21, 16:20, 16:22
**offenses** [5] - 8:9, 8:11, 10:12, 10:17, 11:15
**offensive** [1] - 6:8
**offer** [1] - 3:13
**Office** [1] - 2:4
**office** [1] - 17:21
**old** [1] - 11:16
**older** [2] - 10:21, 14:22
**one** [7] - 2:18, 3:19, 7:19, 10:20, 14:17, 15:10, 18:15
**one-level** [1] - 3:19
**opportunity** [1] - 2:23
**order** [4] - 11:3, 18:1, 18:4, 18:14
**owed** [1] - 6:11
**own** [2] - 5:24, 7:25

**P**

**p.m** [2] - 1:10, 18:24
**page** [1] - 10:24
**pain** [1] - 10:7
**paragraph** [3] - 4:21, 9:5
**parole** [1] - 11:25
**part** [2] - 14:5, 14:10
**particular** [1] - 10:19
**parties** [4] - 2:22, 4:10, 5:14, 13:23
**party** [1] - 3:13
**past** [1] - 11:25
**path** [1] - 14:23
**pay** [2] - 18:5, 18:6
**people** [5] - 10:6, 11:20, 14:20, 14:22, 15:9
**performance** [1] - 11:25
**perhaps** [1] - 7:21
**period** [2] - 14:25, 16:22
**person** [5] - 7:19, 10:8, 13:11, 14:8, 17:21
**placed** [2] - 17:12, 17:15
**Plaintiff** [2] - 1:3, 1:13

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*
Case 6:16-cr-02030-LTS-JSS    Document 35    Filed 09/19/16    Page 22 of 24

**pled** [1] - 2:18
**point** [1] - 7:3
**points** [3] - 4:22, 10:10, 15:2
**policy** [2] - 9:16, 10:9
**poor** [1] - 11:25
**positive** [1] - 14:15
**possess** [1] - 6:17
**possessed** [1] - 6:15
**possession** [2] - 2:19, 7:12
**pound** [2] - 7:13, 15:5
**predicates** [1] - 10:12
**present** [3] - 1:18, 2:8, 16:3
**presented** [1] - 15:18
**presentence** [4] - 2:21, 2:24, 3:25, 18:3
**pretty** [1] - 14:16
**primarily** [1] - 15:19
**prison** [4] - 6:23, 11:1, 11:4, 14:14
**Prisons** [3] - 17:9, 17:11, 17:20
**probation** [3] - 11:25, 16:1, 17:21
**Probation** [4] - 1:18, 2:4, 4:7, 13:20
**Probation's** [1] - 5:10
**proceedings** [1] - 19:4
**productive** [1] - 13:13
**properly** [1] - 15:17
**protection** [1] - 7:23
**PSR** [1] - 17:13
**Public** [1] - 1:16
**pull** [1] - 13:5
**purposes** [6] - 4:1, 4:19, 5:9, 15:15, 16:8, 16:18
**put** [1] - 4:15
**putting** [1] - 16:22

**Q**

**quantities** [3] - 10:22, 11:19, 15:6
**quite** [3] - 5:23, 16:6, 17:3

**R**

**raised** [1] - 5:6

**range** [10] - 4:10, 4:18, 5:13, 9:7, 9:8, 11:23, 12:13, 13:24, 15:13, 16:12
**Rapids** [3] - 1:10, 1:14, 1:17
**rate** [1] - 11:14
**rather** [1] - 10:6
**raw** [1] - 5:4
**really** [1] - 15:9
**reason** [1] - 6:6
**reasonable** [3] - 8:4, 8:6, 8:8
**reasons** [3] - 9:16, 15:19, 15:20
**received** [1] - 3:7
**recess** [1] - 18:21
**recidivate** [1] - 10:18
**recidivism** [1] - 7:11
**recognize** [1] - 7:10
**recommendation** [3] - 8:13, 8:16, 17:14
**recommendations** [1] - 17:10
**record** [3] - 5:4, 13:19, 19:3
**reducing** [1] - 16:19
**reduction** [3] - 3:19, 3:23, 16:11
**reflected** [1] - 16:23
**reflects** [1] - 16:12
**regard** [1] - 16:22
**reintegrated** [1] - 7:2
**related** [1] - 9:17
**relatively** [3] - 15:3, 15:22, 16:21
**release** [5] - 6:23, 12:1, 17:18, 17:19, 17:23
**released** [5] - 6:7, 7:4, 14:14, 17:20, 17:22
**relevant** [5] - 4:18, 4:22, 12:13, 15:15, 16:16
**relief** [1] - 6:22
**remain** [3] - 2:12, 12:24, 12:25
**remanded** [1] - 18:7
**remorse** [1] - 17:1
**rendering** [1] - 13:12
**reoffend** [3] - 7:11, 8:20, 8:21
**report** [7] - 2:21, 2:24, 4:1, 8:12, 8:22, 17:21, 18:3
**Reported** [1] - 1:19
**reporter** [2] - 2:11, 13:5
**REPORTER** [1] -

2:15
**reporting** [1] - 2:11
**represent** [1] - 18:15
**represented** [1] - 2:4
**requested** [1] - 17:3
**requests** [1] - 11:22
**required** [1] - 7:22
**research** [1] - 5:24
**residence** [2] - 7:18, 7:20
**resolved** [1] - 4:1
**respect** [1] - 10:9
**response** [3] - 5:22, 9:11, 12:4
**responsibility** [3] - 3:20, 3:24, 13:8
**responsible** [1] - 7:13
**rest** [1] - 9:13
**result** [3] - 4:23, 9:7, 15:18
**results** [5] - 3:23, 4:9, 5:12, 10:7, 13:23
**review** [4] - 2:21, 2:23, 3:11, 16:9
**revocation** [1] - 11:5
**risk** [1] - 6:6
**RMR** [2] - 1:19, 19:7
**rocks** [1] - 8:10
**role** [1] - 7:14
**room** [1] - 10:6

**S**

**science** [1] - 6:25
**score** [1] - 4:22
**scored** [2] - 4:17, 16:1
**scoring** [2] - 4:1, 5:4
**scourge** [1] - 10:6
**search** [1] - 7:17
**searched** [1] - 7:17
**seated** [2] - 2:1, 2:12
**second** [2] - 9:18, 10:2
**security** [1] - 17:16
**see** [1] - 8:15
**seem** [1] - 9:21
**selling** [1] - 15:1
**Semmler** [3] - 1:19, 19:7, 19:7
**sense** [1] - 4:17
**sent** [1] - 16:24
**sentence** [20] - 5:14, 5:15, 6:8, 7:4, 8:15, 9:8, 9:25, 11:22, 12:8, 12:23, 13:12, 15:3, 15:18, 16:5, 16:10, 16:15, 16:19, 17:6,

18:9
**sentences** [1] - 11:9
**SENTENCING** [1] - 1:6
**sentencing** [10] - 2:17, 4:10, 4:16, 12:22, 13:24, 15:15, 16:8, 16:17, 16:18, 18:23
**Sentencing** [5] - 1:8, 4:2, 5:5, 5:10, 13:21
**sentencings** [1] - 14:21
**separate** [2] - 9:16, 15:9
**serious** [1] - 8:5
**served** [1] - 11:10
**set** [2] - 13:9, 18:1
**Seventh** [2] - 1:10, 1:14
**Shelly** [4] - 1:19, 2:14, 19:7, 19:7
**shock** [1] - 14:11
**short** [1] - 16:21
**showed** [1] - 6:23
**side** [1] - 14:16
**significant** [5] - 16:7, 16:11, 16:15, 16:19, 17:4
**silent** [2] - 12:25
**Sioux** [1] - 1:9
**situation** [3] - 14:4, 14:12, 15:21
**Sixth** [1] - 1:20
**small** [1] - 7:6
**society** [2] - 7:22, 13:13
**someone** [1] - 14:3
**source** [1] - 7:25
**Southeast** [3] - 1:10, 1:14, 1:17
**special** [2] - 18:2, 18:6
**spent** [4] - 5:22, 10:25, 11:3, 13:25
**St** [1] - 18:12
**standard** [1] - 17:25
**stands** [2] - 6:10, 6:12
**start** [1] - 14:23
**started** [1] - 15:1
**state** [3] - 2:5, 10:25, 17:24
**STATES** [2] - 1:1, 1:2
**States** [15] - 1:9, 1:13, 2:2, 2:4, 2:6, 4:2, 4:7, 5:5, 5:10, 13:20, 13:21, 18:7, 18:8, 18:10
**statistically** [1] -

10:16
**statistics** [1] - 14:21
**statutory** [2] - 5:14, 5:15
**Stevenson** [31] - 2:3, 2:8, 2:18, 4:16, 6:4, 6:6, 6:10, 6:14, 6:15, 7:6, 7:10, 7:21, 7:24, 8:7, 8:19, 8:25, 11:10, 12:6, 12:21, 13:22, 14:3, 14:4, 14:11, 14:18, 15:1, 15:10, 16:5, 16:10, 17:7, 17:15, 17:18
**STEVENSON** [1] - 1:5
**Stevenson's** [10] - 3:24, 4:8, 5:12, 6:4, 6:20, 7:25, 8:9, 9:3, 12:8, 16:25
**still** [2] - 16:6, 16:12
**Strand** [1] - 1:9
**Street** [1] - 1:20
**streets** [1] - 11:18
**struck** [1] - 6:19
**study** [1] - 8:24
**submissions** [1] - 2:22
**substance** [2] - 10:12, 10:17
**subtraction** [1] - 4:22
**sudden** [2] - 15:1, 15:4
**suffering** [1] - 10:7
**sufficient** [2] - 16:8, 16:17
**suggests** [2] - 6:13, 6:22
**Suite** [1] - 1:16
**supervised** [3] - 12:1, 17:19, 17:23
**supervision** [2] - 17:25, 18:2
**support** [5] - 7:5, 7:7, 13:11, 14:5, 16:24
**supports** [1] - 8:17
**surprise** [1] - 14:11
**system** [1] - 13:11

**T**

**tailored** [1] - 8:24
**Target** [1] - 7:2
**telephone** [3] - 1:20, 2:11, 19:3
**ten** [1] - 10:25
**term** [4] - 10:7,

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 6:16-cr-02020-LTS-JSS    Document 35    Filed 09/19/16    Page 23 of 24

11:25, 17:9, 17:19
**Third** [1] - 1:17
**threats** [1] - 6:11
**three** [3] - 3:23, 11:3, 16:13
**ties** [1] - 16:25
**Tim** [1] - 2:6
**TIMOTHY** [1] - 1:13
**today** [13] - 2:11, 2:21, 3:1, 3:12, 3:14, 5:24, 7:8, 11:2, 12:7, 13:9, 14:1, 15:9, 18:10
**tools** [1] - 6:13
**total** [8] - 3:23, 4:8, 5:11, 9:3, 12:14, 13:21, 17:9, 17:19
**trade** [1] - 6:14
**trafficking** [4] - 8:3, 8:13, 8:17, 8:18
**transcript** [1] - 19:2
**TRANSCRIPT** [1] - 1:5
**treated** [2] - 8:14, 8:18
**trouble** [1] - 14:24
**try** [1] - 16:4
**two** [4] - 9:16, 9:21, 11:11, 15:8
**type** [4] - 10:4, 10:17, 10:20, 13:10

## U

**U.S** [2] - 1:18, 7:20
**unclear** [1] - 11:10
**under** [8] - 3:20, 4:2, 5:5, 5:9, 12:24, 15:13, 15:17, 16:3
**unique** [1] - 14:3
**UNITED** [2] - 1:1, 1:2
**United** [15] - 1:9, 1:13, 2:2, 2:3, 2:6, 4:2, 4:7, 5:5, 5:9, 5:10, 13:20, 13:21, 18:7, 18:8, 18:10
**unlikely** [1] - 7:23
**unusual** [1] - 14:4
**unwillingness** [1] - 7:25
**up** [4] - 6:21, 10:25, 11:7, 11:11

## V

**variance** [7] - 4:20, 5:1, 5:21, 9:16, 15:12, 17:2, 17:4

**various** [2] - 2:22, 3:2
**varying** [1] - 17:3
**Vavricek** [13] - 2:6, 3:3, 3:14, 3:18, 4:3, 4:11, 5:16, 9:11, 11:12, 12:9, 13:15, 15:2, 18:17
**VAVRICEK** [13] - 1:13, 2:6, 3:5, 3:15, 3:21, 4:4, 4:12, 5:17, 9:12, 11:13, 12:10, 13:16, 18:18
**vehicles** [2] - 7:16, 7:19
**versus** [1] - 2:2
**view** [1] - 12:2
**violence** [9] - 6:3, 6:7, 6:8, 7:12, 8:25, 10:11, 15:22, 15:24, 16:21
**violent** [4] - 7:22, 8:14, 8:20, 8:21
**vs** [1] - 1:4

## W

**warrant's** [1] - 7:17
**Waterloo** [4] - 7:15, 11:18, 17:13, 17:17
**ways** [1] - 15:8
**wealth** [1] - 6:12
**weight** [1] - 16:23
**wholesale** [1] - 8:23
**wholesaler** [1] - 8:7
**winded** [1] - 15:11
**works** [1] - 16:25
**written** [1] - 18:13
**wrongdoing** [1] - 13:8
**wrote** [1] - 14:9

## Y

**years** [8] - 5:15, 6:22, 10:25, 11:3, 11:14, 11:16, 16:12, 17:19

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 6:16-cr-02020-LTS-JSS   Document 35   Filed 09/19/16   Page 24 of 24